ANDERSON v. THE TOLEDO, WABASH AND WESTERN R. R. COMPANY.

Common carrier: RAILROAD: DETENTION OF BAGGAGE. Section 2 of chapter 165, acts of thirteenth General Assembly, does not authorize a recovery against a railroad company by a traveler for delay caused by the mere *detention* of baggage, but only for such delay as results from *damage* to the baggage and institution of suit to recover the same.

*Appeal from Lee Circuit Court.*

WEDNESDAY, JULY 26.

ACTION originally brought before a justice of the peace to recover damages for the detention of the baggage of plaintiff by the defendant. From a judgment in favor of plaintiff, defendant appealed to the circuit court, where,

upon a trial, a verdict and judgment was again rendered for plaintiff. Defendant appeals to this court.

*Seaton & Allyn* for the appellant.

*J. Gibbons* and *Gibson Brown* for the appellee.

BECK, J. — The plaintiff was a passenger upon defendant's railroad. Arriving at Keokuk, the place of his destination, he presented the " check" given him for his baggage, which, having been detained upon some other railroad connecting with defendant's, had not arrived, and was not delivered to him for several days afterward. Plaintiff, in this action, claims damages at the rate of $3 "for each day he was detained on his journey by the neglect and careless handling of his baggage by defendant, and in not delivering it within a reasonable time." There is no allegation or proof of damage done to the baggage.

The plaintiff claims to recover under chapter 165, acts 13th General Assembly. The circuit court, considering the case within that statute. instructed the jury that if they found that the baggage had been unnecessarily and negligently detained by defendant, on its connecting lines of railroads, they should allow, as plaintiff's damage, not less than $3 per day for every day he was detained on account of the non-arrival of his baggage, after notice to defendant or its servants.

The case requires a construction of the statute above named. It provides, " 1. That proprietors, or their agents, of omnibusses, transfer companies, or other common carriers doing business within the limits of this State, shall be held liable in an action at law for damages occasioned to baggage or other property belonging to travelers, through careless or negligent handling, while in possession of the companies or common carriers as above named;" 2. " That for every day's detention to travelers in consequence of

damage as before described, and necessary delay in suit for same, said companies, owners, or agents, shall pay to each person so delayed a sum of not less than three dollars, which amount shall be added to the judgment for damage to property, should the action be sustained."

The intention of this statute is obvious. It is to give travelers a remedy for injury done their baggage by careless or negligent handling while in the possession of common carriers, and compensation in the way of damages for detention caused thereby. It does not provide for an action to recover on account of the detention of baggage, or failure to deliver the same. Baggage may be detained without damage or injury thereto. Such a case is not within the statute. Under the statute, recovery is not authorized for detention of the traveler, unless it be on account of damages done to the baggage. In this view of the law, and that it is correct is too plain to admit of discussion, the plaintiff's petition and evidence do not bring the case within its provisions. The circuit court's instruction to the jury, above set out, was therefore erroneous.

Other questions presented by counsel need not be considered, as what we have just said is decisive of the case.

Reversed.